**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4857**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GEORGE SCOTT GARMON,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:94-cr-00029-FDW-5)

Submitted:  December 7, 2010       Decided:  December 21, 2010

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross Hall Richardson, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Garmon appeals the four-year sentence he received upon revocation of his supervised release. He contends that the district court imposed a plainly unreasonable sentence because it failed to address mitigating factors and to provide a sufficient reason for a sentence above the six to twelve month revocation range set forth in Chapter 7 of the U.S. Sentencing Guidelines Manual (2009). For the reasons stated below, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we will affirm a sentence imposed after revocation of supervised release unless it is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Before determining whether the sentence is "plainly unreasonable" we must decide whether it is unreasonable. Id. at 438. In doing so, we "follow generally the procedural and substantive considerations" used in reviewing original sentences. Id.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, id. at 440, and has adequately explained the

2

sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, we are convinced that the sentence is not unreasonable, we will affirm.

Under this court's deferential standard of review, Garmon's sentence is neither procedurally nor substantively unreasonable. After the district court expressly considered the advisory Guidelines sentencing range of six to twelve months, it determined that the Guidelines range did not adequately account for Garmon's history and characteristics, which reflected a manifest disrespect for the law and an inability to avoid criminal activity for any significant period of time. Moreover, there is nothing in the record to support Garmon's assertion that the district court ignored his claim that he was institutionalized and required placement in a half-way house. Instead, the court clearly rejected that argument, and determined in its discretion that imprisonment was a better option for Garmon.

Finally, the district court more than adequately communicated the basis for the sentence in this case. The court relied upon several of the relevant § 3553(a) factors and

3

underscored Garmon's history of violating the terms and conditions of his supervised sentence, his substantial criminal history, the need to protect the public from Garmon and Garmon's "desperate[] need" for the vocational and educational training afforded through the Bureau of Prisons. The court also stressed that Garmon had only been out of custody from his previous revocation sentence for seven days when he was arrested for assault with a deadly weapon. Thus, the district court met its obligation to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority," Rita v. United States, 551 U.S. 338, 356 (2007), and stated a proper basis for its imposition of a sentence up to the statutory maximum, Crudup, 461 F.3d at 440.

Accordingly, we conclude that Garmon's four-year sentence was not unreasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4